# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class CHRISTIAN A. KNODE
### United States Air Force

## ACM S32234

## 3 September 2015

Sentence adjudged 1 April 2014 by SPCM convened at Fairchild Air Force Base, Washington. Military Judge: William C. Muldoon (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jennifer J. Raab and Major Thomas A. Smith.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MITCHELL, TELLER, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was found guilty, in accordance with his pleas, of attempted wrongful introduction and distribution of 3,4-methylenedioxymethamphetamine (MDMA), and wrongful use of the same substance, in violation of Articles 80 and 112a, UCMJ, 10 U.S.C. §§ 880, 912a. Appellant was sentenced to a bad-conduct discharge, confinement for 135 days, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved only as much of the sentence as provided for a bad-conduct discharge, confinement for 4 months, and reduction to E-1.

On appeal, Appellant contends that his sentence is inappropriately severe.[1] We disagree and affirm the findings and the sentence as adjudged.

*Background*

Appellant agreed to provide 3,4-methylenedioxymethamphetamine (MDMA) to an Airman who happened to be an Air Force Office of Special Investigations (AFOSI) confidential informant.[2] Appellant drove a civilian drug dealer, who otherwise had no access to the base, to Fairchild Air Force Base and brought her into his dormitory. He took the substance he believed was MDMA from her and gave it to the AFOSI confidential informant in exchange for $90.00. Unbeknownst to Appellant, the substance he introduced and distributed was not MDMA but instead was dimethyl sulfone which is structurally and physically similar to MDMA. For this conduct, Appellant pled guilty to attempted wrongful introduction of and wrongful distribution of MDMA.

Less than two months later, Appellant purchased MDMA from the same civilian drug dealer and ingested it in the parking lot of a night club in downtown Spokane, Washington. He was with another Airman at the time. For this, Appellant pled guilty to wrongfully using MDMA.

*Sentence Appropriateness*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010). We consider whether Appellant's sentence was appropriate "judged by 'individualized consideration' of [Appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

We have given individualized consideration to this particular Appellant, the nature and seriousness of his offenses, Appellant's record of service, and all other matters contained in the record of trial. In addition to wrongfully using MDMA, Appellant

---

[1] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).
[2] After listening to the military judge's explanation of "entrapment," Appellant agreed that he was not entrapped by the AFOSI confidential informant.

attempted to wrongfully introduce this substance to Fairchild Air Force Base and wrongfully distribute it to a fellow Airman, after bringing a known drug dealer onto the base. We find the approved sentence was clearly appropriate in this case, and was not inappropriately severe.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court